UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL MILES, Individually, | : |
| Plaintiff, | : Case No. 3:14-cv-1752 |
| v. | : |
| Shaffner & Shaffner Enterprises Inc., an Indiana Corporation, | : |
| Defendant. | : |
| _____ | : |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**(w/Jury Demand Endorsed Hereon)**

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"),

hereby sue the Defendant SHAFFNER & SHAFFNER ENTERPRISES Inc., an Indiana

Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees,

litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181

et seq. ("ADA").

**PARTIES**

1. Plaintiff, MICHAEL MILES, is an individual residing in Findlay, OH, in the County of Hancock.

2. Defendant's property, WYNDHAM GARDEN WARSAW AND BENNIGAN'S GRILL AND TAVERN is located at 2519 E. Center Street, Warsaw, IN in the County of KOSCIUSKO.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has

jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Northern District of Indiana because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility.  MICHAEL MILES has visited the Hotel and the restaurant which forms the basis of this lawsuit on February 26, 2014, on June 21, 2014 and on June 28, 2014, and plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety..

7. Michael Miles travels to Northern Indiana on a frequent basis and he frequents the golf courses, restaurants, shopping centers, businesses and establishments of Fort Wayne, Plymouth, Warsaw, South Bend and surrounding area including the restaurant and hotel property subject of this complaint.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in

public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as WYNDHAM GARDEN WARSAW AND BENNIGAN'S GRILL AND TAVERN is located at 2519 E. Center Street, Warsaw, IN. 46580.

10. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this

complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit WYNDHAM GARDEN WARSAW AND BENNIGAN'S GRILL AND TAVERN not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of WYNDHAM GARDEN WARSAW AND BENNIGAN'S GRILL AND TAVERN has shown that violations exist. These violations include, but are not limited to:

Parking and Accessible Routes

   A. No passenger loading zone at lobby registration entrance in violation of the ADA whose remedy is readily achievable.

   B. No accessible route to entrance due to protruding handrail and curb drop off in violation of the ADA whose remedy is readily achievable.

   C. Curb ramps have no edge protection and improper slopes in violation of the ADA whose remedy is readily achievable.

   D. Insufficient number of designated accessible parking spaces in violation of the ADA whose remedy is readily achievable.

E. No designated accessible van parking in violation of the ADA whose remedy is readily achievable.

F. No signage at designated accessible parking spaces in violation of the ADA whose remedy is readily achievable.

Guestrooms

G. Curtain rods in excess of allowable height in violation of the ADA whose remedy is readily achievable.

H. Insufficient clear floor space around the bed in violation of the ADA whose remedy is readily achievable.

I. Closet Rod, Rack, coat hook & ironing board mounted in excess of allowable height in violation of the ADA whose remedy is readily achievable.

J. Insufficient latch side clearance to exit guestroom in violation of the ADA whose remedy is readily achievable.

K. No side or rear grabs bars at toilet unit in violation of the ADA whose remedy is readily achievable.

L. No latch side clearance to exit guestroom bathroom in violation of the ADA whose remedy is readily achievable.

M. No fixed seat at roll-in shower in violation of the ADA whose remedy is readily achievable.

N. Towel racks mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

O. Flush control not on open side of the toilet unit in violation of the ADA whose remedy is readily achievable.

P. No pipe insulation at lavatory in violation of the ADA whose remedy is readily achievable.

Q. No control on hand held shower unit in violation of the ADA whose remedy is readily achievable.

R. Toilet paper dispenser not located according to ADAAG in violation of the ADA whose remedy is readily achievable.

S. Insufficient clear floor space around toilet in violation of the ADA whose remedy is readily achievable.

LOBBY, Bennigan's and swimming pool RESTROOM

    T. No latch side clearance to exit the mens restroom in violation of the ADA whose remedy is readily achievable.

    U. No pipe insulation under sink in violation of the ADA whose remedy is readily achievable.

    V. No stall with sufficient clear floor space in violation of the ADA whose remedy is readily achievable.

    W. Incorrect grab bar configuration in violation of the ADA whose remedy is readily achievable.

    X. No or incorrect signage mounted designating accessible restrooms in violation of the ADA whose remedy is readily achievable.

    Y. No lowered urinal stall in violation of the ADA whose remedy is readily achievable.

    Z. No latch side clearance to exit pool bathroom in violation of the ADA whose remedy is readily achievable.

    AA. Paper towels mounted too high in violation of the ADA whose remedy is readily achievable.

    BB. No accessible toilet stall in any pool area bathroom in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    CC. No adaptive lift at pool or hot tub in violation of the ADA whose remedy is readily achievable.

    DD. Emergency phone mounted outside reach range and is not located at a level ground for use by the disabled.

    EE. No accessible dining tables in bar service area at Bennigan's in violation of the ADA whose remedy is readily achievable.

    FF.    No lower bar counter at Bennigan's in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    GG.    The operator has inadequate or completely lacks defined policies and procedures for the assistance of disabled patrons

13.    The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14.    Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15.    WYNDHAM GARDEN WARSAW AND BENNIGAN'S GRILL AND TAVERN, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

19. Plaintiff restates the allegations of ¶¶ 1 - 1 8 as if fully rewritten here.

20. WYNDHAM GARDEN WARSAW AND BENNIGAN'S GRILL AND TAVERN, and the businesses therein, are "place[s] of public accommodation" pursuant to In. Code §22-9-1-

    3(m).

21. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff equal access to and use of public accommodations.

22. The Plaintiff notified the Defendant of his complaints regarding handicap access in person and in a "comment card". The Defendant has not replied to this correspondence.

23. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal access to and use of the goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiff demands a jury trial on liability and damages for Count II.

                                            Respectfully Submitted,

                                            *Counsel for Plaintiff:*

                                            \s\ Owen B Dunn Jr --   dated: July 25, 2014
                                            Owen B. Dunn, Jr., Esq. OH Bar Number 0074743

Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net